[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16000
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60291-KAM-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CATHY SAFFER,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 30, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Cathy Saffer was convicted after a jury trial of one count of conspiracy to

commit mail and wire fraud, in violation of 18 U.S.C. § 1349; three counts of mail

fraud, in violation of 18 U.S.C. § 1341; and two counts of wire fraud, in violation of 18 U.S.C. § 1343.  She appeals her convictions and sentence.  After careful review, we affirm.

I.

We summarize the facts in the light most favorable to the jury's verdict. *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir.), *cert. denied*, 133 S. Ct. 1744 (2013).  Saffer and her co-defendant, Lisa Wright, created Foreclosure Solution Specialists, Inc. ("FSS"), through which they recruited family members and friends to purchase homes facing foreclosure.  Saffer and Wright instructed each recruit to misrepresent his income, employment, and intent to occupy the homes in connection with the sales in order to make it appear as if he had the financial resources to purchase the homes.

The scheme was structured as follows.  A homeowner facing foreclosure would sell his home to an FSS recruit, with the promise that he would continue to live in the home, pay rent, and be given the chance to repurchase the home after his credit had improved.  In conjunction with the sale, the former homeowner would not receive any equity he had in the property.  Instead, the equity was deposited into a bank account registered to an LLC Saffer and Wright created for each sale. While FSS recruits owned the homes, half of the monthly mortgage payment was paid from rent each former homeowner paid to FSS and the other half came from

2

the LLC account.  Saffer and Wright eventually stopped making the mortgage payments, the properties went into foreclosure, and the former homeowners were evicted.  The jury convicted Saffer based on this conduct.

In conjunction with Saffer's sentencing, a probation officer prepared a presentence investigation report (PSI) that set Saffer's guidelines range at 87 to 108 months' imprisonment.  At sentencing, the district court reduced Saffer's enhancement for being an organizer or leader of the crime to a two-level enhancement under U.S.S.G. § 3B1.1(c), but otherwise adopted the PSI's guidelines calculations, resulting in a guidelines range of 70 to 87 months' imprisonment.  The district court then imposed a 60-month sentence.  This is Saffer's appeal.

## II.

Saffer first contends that the evidence at trial was insufficient to support her convictions.  "We review the sufficiency of the evidence supporting the jury's verdict *de novo*, but in so doing, we must draw all reasonable inferences in favor of the verdict."  *McGuire*, 706 F.3d at 1336.  If a reasonable jury could have found the defendant guilty beyond a reasonable doubt, we must affirm.  *Id.*

Saffer argues that the government failed to prove she acted with the requisite intent.  To convict Saffer of conspiracy, the government was required to prove that she knowingly agreed to participate in a scheme to defraud.  *United States v.*

3

*Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012). And to convict Saffer of mail and wire fraud, the government needed to show that she intentionally participated in a scheme to defraud. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).

Saffer contends that her participation in the scheme was neither knowing nor intentional because Wright created and ran it, and Saffer did not understand how the business worked and did not know she was defrauding lenders and homeowners. But the record contains evidence, viewed in the light most favorable to the verdict, from which a reasonable jury could have found Saffer had the requisite intent. David Marks, whom Wright and Saffer recruited to purchase homes, testified that both Saffer and Wright explained the company's business model to him, which belies Saffer's claim that she did not understand the workings of the business. Marks also testified that Saffer and Wright eventually added him to their personal bank account and that Saffer told him it was "to make it look like [Marks] had more money" so he "could afford to get another house." And, he testified, Saffer told him to falsify closing documents to overstate his income. From this evidence, a reasonable jury could conclude beyond a reasonable doubt that Saffer knowingly and intentionally participated in a scheme to defraud. The evidence was therefore sufficient to convict her. *See McGuire*, 706 F.3d at 1336.

4

II.

Saffer also argues that the district court erred by imposing a guidelines enhancement for being an organizer, leader, manager, or supervisor of the scheme. *See* U.S.S.G. § 3B1.1(c). Factors relevant to this enhancement include "the exercise of decision making authority, the nature of participation in the commission of the offense, [and] the recruitment of accomplices." *Id.* cmt. (n.4). We review for clear error the district court's characterization for guidelines purposes of a defendant's role in the offense. *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005).

Saffer contends the enhancement was improper because her role was secondary to Wright's and because she did not actively recruit participants. But the record reflects that Saffer was instrumental in recruiting at least two people to the scheme and was heavily involved in its operation. Marks testified that Saffer encouraged him to get involved in the scheme, instructed him to make false statements on closing documents, and signed checks paying him for his role in the scheme. And Rebecca Green, Saffer's sister, testified that Saffer suggested that she open a branch of the business in Pennsylvania. On these facts, the district court did not clearly err in imposing the § 3B1.1(c) enhancement. *See United States v. Ndiaye*, 434 F.3d 1270, 1304 (11th Cir. 2006) (holding that the district

5

court correctly imposed a role enhancement where the evidence showed the defendant "exercised authority over the organization by recruiting and instructing co-conspirators").

## III.

Finally, Saffer challenges the substantive reasonableness of her sentence. We review the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007).  A district court must select a sentence that is sufficient but not greater than necessary to comport with the factors set forth in 18 U.S.C. § 3553(a).  A sentencing court abuses its discretion when it fails to consider relevant factors due significant weight, gives undue weight to an improper or irrelevant factor, or clearly errs in balancing the statutory factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Saffer argues that her 60-month sentence, a 10-month downward variance from the bottom of her guidelines range, is too severe in light of her non-violent offense conduct, lack of criminal history, and statistically low chance of recidivism.  But the record reflects that the district court weighed these considerations and concluded that, although they supported a downward variance, the statutory factors warranted a 60-month sentence in light of the nature and circumstances of Saffer's offense, namely that it was serious, she "was a significant participant," and she "recruited others" to join it. We cannot say this

6

conclusion was an abuse of discretion.  *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  (alterations and internal quotation marks omitted)); *see also United States v. Bohannon*, 476 F.3d 1246, 1254 (11th Cir. 2007) (noting that the fact that a sentence is well below the statutory maximum supports a finding that it is reasonable).

IV.

For the above reasons, Saffer's convictions and sentence are

**AFFIRMED.**